# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UGI SUNBURY, LLC, | No. 3:16-CV-00783 |
| Plaintiff. | (Judge Brann) |
| v. | |
| A PERMANENT EASEMENT FOR 0.4944 ACRES, AND TEMPORARY CONSTRUCTION AND ACCESS EASEMENT FOR 7.2220 ACRES IN LIMESTONE TOWNSHIP, MONTOUR COUNTY, PENNSYLVANIA TAX PARCEL NO. 5-9-85, | |
| DENNIS W. BEACHEL, | |
| MELISSA K. BEACHEL, | |
| THE TURBOTVILLE NATIONAL BANK, | |
| AND ALL UNKNOWN OWNERS, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 26, 2018

Defendants Dennis and Melissa Beachel filed a Motion for Enlargement of Time to Submit a Supplemental Expert's Report and a Motion to Stay. For the reasons that follow, their Motion for Enlargement of Time is granted, and their Motion to Stay is denied.

## I. BACKGROUND

On May 6, 2016, Plaintiff UGI Sunbury, LLC ("UGI") commenced an eminent domain action against Defendants.[1] This Court granted partial summary judgment to UGI on June 14, 2016, giving it the right to condemn Defendants' property.[2] The only remaining issue—the amount Defendants should be compensated for their land—is scheduled for a bench trial beginning March 5, 2018.[3]

Pursuant to this Court's October 27, 2016 Case Management Order, the Defendants were to submit their expert report to UGI by January 31, 2017.[4] This Court later extended that deadline to February 10, 2017.[5] Defendants actually submitted their expert report on February 11, 2017—one day late.

In the early summer of 2017, the parties attempted to resolve the compensation issue via mediation, to no avail.[6] On November 16, 2017, Defendants moved for an enlargement of time to submit a supplemental expert report.[7] According to the Case Management Order, such a report was due February 28, 2017—more than eight months prior to Defendants' motion.[8] And on January 17, 2018, the Defendants also

---

[1] ECF No. 1.

[2] ECF No. 31.

[3] ECF No. 60.

[4] ECF No. 46 at 4.

[5] ECF No. 48.

[6] ECF No. 55.

[7] ECF No. 56.

[8] ECF No. 46 at 4.

moved to stay the upcoming trial based on an apparently unresolved choice of law issue.[9]

## II. DISCUSSION

### A. Whether the Defendants May Submit a Supplemental Expert Report

Under Federal Rule of Civil Procedure 16, parties are required to obey the various deadlines set in a pretrial scheduling order. Failure to obey such deadlines can have catastrophic consequences, including monetary sanctions and the exclusion of important evidence from trial.[10] When this Court ordered Defendants to submit any supplemental expert report by February 28, 2017, it also indicated that "all requests for extensions of the discovery deadline must be made at least fourteen (14) days prior to the expiration of the discovery period."[11] Defendants, then, are not only seeking to submit a supplemental report outside the court-imposed deadline, but are also submitting an untimely request to do so.

Pursuant to Federal Rule of Civil Procedure 16(a)(b)(4), however, this Court may amend its own scheduling orders. This is a matter which the United States Court of Appeals for the Third Circuit has placed firmly within this Court's "sound discretion," which discretion this Court abuses only when "there has been an

---

[9] ECF No. 62.

[10] *See, e.g.*, Rules 16(f)(2) and 37(b)(2)(A).

[11] ECF No. 46 at 5.

interference with a substantial right," or when a ruling "result[s] in fundamental unfairness in the trial of the case."[12]

Defendants delivered a copy of the supplemental expert report to UGI in June 2017—approximately seven months ago. And, although Defendants' request is wildly outside the original discovery period, UGI still has more than a month to prepare for trial. Therefore, although this Court rebukes defense counsel's delay, Defendants' Motion for Enlargement of Time to Submit a Supplemental Expert's Report will be granted. UGI will be permitted to file a rebuttal to that supplemental expert report by February 16, 2018.

**B. Whether Trial Should Be Stayed Pending the Third Circuit's Decision in**

The authority for UGI's condemnation of Defendants' property comes from the Natural Gas Act, 15 U.S.C. § 717 *et seq.* That law gives certain entities the right to acquire land via eminent domain for the purpose of constructing and operating natural gas pipelines, and dictates that

> [t]he practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated . . . .[13]

---

[12] *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) (internal quotation marks and citations omitted).

[13] 15 U.S.C. § 717f(h).

Several courts have interpreted this language as requiring the application of state substantive law during such proceedings,[14] but other courts, including this one, have applied federal common law.[15] Recently, the Honorable A. Richard Caputo of this Court certified this question for appeal to the Third Circuit.[16] It is on the basis of that pending appeal that Defendants seek to stay the trial scheduled for March 5, 2018.

> Under federal law, "just compensation" for land taken via eminent domain
>
> is measured by the difference between the market value of the entire holding immediately before the taking and the remaining market value immediately thereafter of the portion of property rights not taken.[17]

Similarly, under Pennsylvania law "just compensation"

> shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected by the condemnation and the fair market value of the property interest remaining immediately after the condemnation and as affected by the condemnation.[18]

Under Pennsylvania law, however, condemnees are also entitled to

---

[14] *Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement*, 962 F.2d 1192, 1199 (6th Cir. 1992); *Mississippi River Transmission Corp. v. Tabor*, 757 F.2d 662, 665 n.3 (5th Cir. 1985).

[15] *Tennessee Gas Pipeline Co. v. Permanent Easement for 1.7320 Acres and Temporary Easements for 5.4130 Acres*, 2014 WL 690700 at *9 (M.D. Pa. 2014); *Columbia Gas Transmission, LLC v. 101 Acres and 41,342 Sq. Ft.*, 2016 WL 6248071 at *4 n.13 (M.D. Pa. 2016).

[16] *Tennessee Gas Pipeline Company, LLC v. Permanent Easement for 7.053 Acres*, 2017 WL 4954093 at *1 (2017).

[17] *United States v. 68.94 Acres of Land*, 918 F.2d 389, 393 n.3 (3d Cir. 1990).

[18] 26 Pa. C.S. § 702(a).

be reimbursed in an amount not to exceed $4,000 per property . . . as a payment toward reasonable expenses actually incurred for appraisal, attorney[,] and engineering fees . . . .[19]

The parties have not identified any applicable difference between federal and state law other than the Pennsylvania provision for reasonable appraisal, attorney, and engineering fees. And during a telephonic status conference held on January 26, 2018, the parties agreed with the Court that this element of damages—should the Third Circuit hold it applicable—could be taken up post-trial via the submission of affidavits, etc. Therefore, Defendants' Motion to Stay will be denied, and trial will proceed as scheduled.

### III. CONCLUSION

For the reasons discussed above, Defendants' Motion for Enlargement of Time to Submit a Supplemental Expert's Report will be granted, and Defendants' Motion to Stay will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[19] 26 Pa. C.S. § 710.